UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| LORI LYONS, | Civil Action No. 12-2913 (ES) |
| Plaintiff, | OPINION |
| v. | |
| JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, *et al.*, | |
| Defendants. | |

SALAS, DISTRICT JUDGE

**I.  Introduction**

Pending before this Court is Janet Napolitano, Secretary of the Department of Homeland Security, *et al.*'s ("Defendants") motion to dismiss Lori Lyons's ("Plaintiff") complaint in part, pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. No. 5-1, Brief in Support of Defendants' Motion to Dismiss the Complaint in Part ("Def. Br.")). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court has considered the parties' submissions in support of and in opposition to the instant motion, and decides the matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the following reasons, Defendants' motion is DENIED.

**II.  Background**

Plaintiff brings this action for gender discrimination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2(a). Plaintiff alleges that she was discriminated

1

against on the basis of her gender in April 2005, and again in October 2005, when she was prevented from filling certain work schedule spots because of her gender. (D.E. No. 1, Complaint ("Compl."), ¶¶ 28-37). Plaintiff has been employed by the Transportation Security Administration ("TSA") at Newark Liberty International Airport since September 2003. (*Id.* at ¶ 13). Plaintiff alleges that in both April and October 2005, she was discriminated against by TSA's bidding process "wherein males had priority on picking shifts, days off, and work locations based solely on the fact that they were male." (*Id.* at ¶¶ 28, 33). Plaintiff sought to bid on certain days, but those days were reserved for men only. (*Id.*).

On August 2, 2005, Plaintiff contacted an Equal Employment Opportunity ("EEO") Counselor and filed a "formal complaint of discrimination regarding the April 2005 shift bid" with the TSA Office of Civil Rights and Liberties ("OCRL"). (Def. Br. 2, *citing* Declaration of Raymond A. Desmone ("Desmone Decl."), Ex. A). The formal complaint was received by OCRL on December 16, 2005. (*Id.*). On December 22, 2005, Plaintiff attempted to amend her EEO complaint to include the October 2005 claim of discrimination, but OCRL dismissed the amendment without investigation because it had been submitted 22 days late. (*Id.*). In its dismissal, however, OCRL did recognize that that the October 2005 claim is "like or related to" the April 2005 claim. (D.E. No. 7, Plaintiff's Brief in Opposition to Defendants' Partial Motion to Dismiss ("Pl. Opp. Br.") at 1).

III. Discussion

    A. Legal Standard

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "courts are required

to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 440 n.1 (D.N.J. 2010) (holding that contradictory factual assertions on the part of defendants must be ignored). Courts must "determine whether, under any reasonable reading of the complaint, the Plaintiff may be entitled to relief." *Pinker v. Roche Holding Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). "Factual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**B.  Analysis**

Defendants argue that Plaintiff's October 2005 claim of discrimination should be dismissed because Plaintiff failed to exhaust her administrative remedies before filing a claim in federal court. (Def. Br. 3-4). EEOC regulations require that "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). Plaintiff's October 2005 claim was not investigated because it was filed 22 days after the 45-day deadline. Thus, Defendants argue, the claim must be dismissed for failure to exhaust administrative remedies. (Def. Br. 4).

Plaintiff does not dispute that the October 2005 claim was filed past the 45-day

deadline. Rather, Plaintiff argues that she was not required to exhaust her administrative remedies with respect to the October 2005 claim of discrimination because the alleged act of discrimination was "fairly within the scope" of her April 2005 EEOC complaint, thus the "investigation growing out of that complaint . . . ha[d] satisfied the administrative prerequisite to bring suit in federal court." (Pl. Opp. Br. 3-4) (quoting *Hill v. United States Gen Servs. Admin*, No. 05-2092, 2008 WL 4371761, at *5 (D.N.J. Sept. 17, 2008)).

The Third Circuit has held that "[a] victim of discrimination is not required to exhaust administrative remedies with respect to a claim concerning an incident which falls within the scope of a prior EEOC complaint or the investigation which arose out of it." *Waiters v. Parsons*, 729 F.2d 233, 235 (3d Cir. 1984). Thus, "[t]he relevant test in determining whether appellant was required to exhaust her administrative remedies, therefore, is whether the acts alleged in the subsequent . . . suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Id.* at 237.

Where "the core grievance . . . is the same and, at all events, it is clear that the allegations of the appellant's complaint fall within the scope of the . . . investigation of the charges contained in the . . . [earlier] formal complaint[,]" the Court has found that the later charge is fairly within the scope of the earlier one. *Id.* at 238. Conversely, where the two claims are completely different, the latter is not fairly within the scope of the former because the investigation of the earlier claim would not have focused on the same issues. *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996) (finding that a gender discrimination claim was not fairly within the scope of a previous disability discrimination claim).

4

Here, as Plaintiff correctly points out, "the gender discrimination issues surrounding the October 2005 bidding are the same as the gender discrimination issues surrounding the April 2005 bidding[.] [Thus,] no further investigation was required with regard to this subsequent bidding." (Pl. Opp. Br. 3-4). In fact, in the EEO Counselor's report, the OCRL acknowledged that the October 2005 claim is "like or related to the matter previously raised in her complaint." (Pl. Opp. Br. 1).

Defendants do not dispute the similarity of the October 2005 and April 2005 discrimination claims. Rather, Defendants argue that because Plaintiff has been represented by counsel throughout this process, she is not entitled to argue that the October 2005 claim is fairly within the scope of the April 2005 claim. (D.E. 9, Reply Brief in Support of Defendants' Motion to Dismiss the Complaint in Part ("Def. Reply Br.") at 2-3). Defendants argue that because Plaintiff has been represented by an attorney experienced in employment discrimination claims, the Court should abandon the general rule of construing the scope of EEOC claims broadly. (*Id.* at 3).

Plaintiff's representation by counsel is not dispositive, however, where the later claim of discrimination actually *is* within the scope of the earlier one.[1] *See Crescenzo v. Hajoca Corp.,* No. 07-01512, 2008 WL 1815326, at *7 (E.D. Pa. Apr. 22, 2008) (noting plaintiff's representation by counsel only after determining that the claim was not fairly within the scope of plaintiff's prior EEOC filing); *Johnson v. Chase Home Fin.*, 309 F. Supp. 2d 667, 672 (E.D. Pa. 2004) (noting plaintiff's representation by counsel as an added justification only after finding that plaintiff's earlier discrimination charge was

---

[1] Courts have found a lack of exhaustion where the plaintiff is represented by counsel in the context of equitable tolling. *See e.g., Falconer v. Papco, Inc.*, No. 06-247, 2008 WL 2486128, at *6 n.3 (W.D. Pa. June 17, 2008); *Kocian v. Getty Ref. & Mktg. Co.*, 707 F.2d 748, 755 (3d Cir. 1983). Plaintiff does raise, however, an alternative argument, that the Court should equitably toll the exhaustion requirement. Because the Court finds that Plaintiff's October 2005 claim is fairly within the scope of the April 2005 claim, it is unnecessary to reach the question of whether the Court should equitably toll the exhaustion requirement.

5

unrelated to the later retaliation claim). Because Plaintiff's October 2005 claim is fairly within the scope of her April 2005 claim, this Court finds that the exhaustion requirement is satisfied despite Plaintiff's representation by counsel, and accordingly, can proceed in this litigation.

**IV. Conclusion**

For these reasons, the Court DENIES Defendants' motion to dismiss. An appropriate Order follows this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
